UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**CENTERLINE ARCHITECTURAL
SUPPLY LLC,**

      Plaintiff,

**RCL SERVICES, LLC,**

      Involuntary Plaintiff,

                                                            Case No. 24-CV-480

v.

**RNA REAL ESTATE, LLC,**

      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

---

On January 1, 2022, Involuntary Plaintiff, RCL SERVICES, LLC ("RCL"), and Defendant, RNA REAL ESTATE, LLC ("RNA"), entered into a lease agreement (the "Lease") for approximately 75,000 square feet of warehouse/office space located in the building commonly known as 1100 Barnett Road, Ladysmith, Wisconsin (the "Premises"). *See* Lease attached hereto as Exhibit 1. Thereafter, RCL used the Premises for its business of fabricating concrete panels for construction of buildings. In June of 2024, without prior notice or demand, and further, without process of law, RNA changed the locks to the Premises and wrongfully evicted RCL. In response, on June 28, 2024, Plaintiff, CENTERLINE ARCHITECTURAL SUPPLY LLC ('Centerline") filed its Complaint in the Rusk County Circuit Court of the State of Wisconsin, seeking purely injunctive relief. *See* Complaint attached hereto as Exhibit 2. On July 11, 2024, an order was entered in the Circuit Court of Rusk County granting a temporary injunction in favor of RCL. *See* Order of the Court attached hereto as Exhibit 3. On July 16, 2024, RNA filed its Notice of Removal

1

and brought this matter before the United States District Court for the Western District of Wisconsin. *See* Notice of Removal, attached hereto as Exhibit 4. This case should be remanded to the Rusk County Circuit Court of the State of Wisconsin because the requirements of 28 U.S.C. § 1332 are not met and, therefore, this Court lacks jurisdiction over this matter.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Pollard v. Johnson*, 694 F. Supp. 3d 1080, 1085 (W.D. Wis. 2023). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Davidson v. Mayorkas*, 599 F. Supp. 3d 767, 773 (W.D. Wis. 2022). In all cases, the party asserting federal jurisdiction has the burden to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). The removal statute is strictly construed against removal, and all doubt is resolved in favor of remand. *Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001).

## ARGUMENT

I. **REMAND IS WARRANTED BECAUSE THE FEDERAL COURT LACKS JURISDICTION**

RNA filed its Notice of Removal claiming that the United States District Court for the Western District of Wisconsin has jurisdiction pursuant to 28 U.S.C. § 1332. *See* Ex. 4, ¶ 7. 28 U.S.C. § 1332 has 2 requirements: (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) there is an amount in controversy exceeding $75,000.

A. **THERE IS NO DIVERSITY BETWEEN THE PARTIES.**

Plaintiff RCL is a limited liability company and its citizenship for purposes of diversity is determined by the citizenship of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). RCL has two members, Centerline and Rieder Noram, Inc. ("Rieder").

*See* Operating Agreement attached hereto as Exhibit 5. Centerline is a limited liability company with two members: Kyle Czekalski and J.R. Hughes. *See* Affidavits of both attached hereto as Exhibits 6 and 7. Kyle Czekalski is domiciled in the State of Wisconsin. Ex. 6, ¶ 1. J.R. Hughes is domiciled in the State of Illinois. Ex. 7, ¶ 1. Thus, Centerline has citizenship in Wisconsin and Illinois. Rieder, on the other hand, is a corporation and a corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business. 28 U.S.C.A. § 1332 (c)(1). Rieder was incorporated in Delaware and its principal place of business is in Austria. *See* Screenshot from Rieder website contact page and Delaware Business Corporate website attached hereto as Exhibits 8 and 9. Accordingly, Rieder is a citizen of Delaware and Austria for purposes of diversity. Thus, because RCL takes on the citizenship of its members, RCL is a citizen of Wisconsin, Delaware, Illinois and Austria.

Defendant RNA is a limited liability company. RNA's sole member is Rieder. Accordingly, RNA's citizenship for the purpose of diversity is Delaware and Austria. Therefore, because RCL and RNA maintain the same citizenship of Delaware and Austria, there exists no diversity of citizenship as required by 28 U.S.C.A. § 1332.

**1. RCL Was Not Fraudulently Joined As A Plaintiff.**

RNA attempts to navigate around the diversity requirement by arguing that RCL is not a real party in interest in this litigation because RCL was fraudulently joined. Ex. 4, ¶ 14. As Centerline is bringing suit against RNA derivatively on behalf of RCL, Defendant's argument is meritless. The basis for this lawsuit is the Lease entered into by and between RCL and RNA. *See* Ex. 1. Notably, Centerline is not a party to the Lease and therefore, has no right to enforce same. Accordingly, Centerline cannot possibly commence litigation against RNA on the basis of

wrongful eviction without including RCL as a plaintiff and thus its decision to include RCL as an involuntary plaintiff was proper.

This Court notes that *Doermer v. Oxford Fin. Group, Ltd.*, 884 F.3d 643, 646 (7th Cir. 2018), holds there is nothing in the Federal Rules of Civil Procedure that permits a plaintiff unilaterally to force another party to join as an involuntary plaintiff. However, the *Doermer* decision also rested on the finding that Illinois law does not allow the involuntary joinder of an involuntary plaintiff (the state law being applied in *Doermer*). *Id*. at 646-647. In contrast, Wisconsin Statute § 803.03(1) requires mandatory joinder of parties when:

> (a) In the person's absence complete relief cannot be accorded among those already parties; or
> (b) The person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
> > 1. As a practical matter impair or impede the person's ability to protect that interest; or
> > 2. Leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his or her claimed interest.

Moreover, Wisconsin Statute § 803.03(3) explicitly states, *inter alia*, "If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff." Because RCL is a party to the Lease, RCL is a necessary party with an interest in the outcome of this litigation. Accordingly, Centerline complied with Wisconsin State law when it filed this action in the Rusk County Circuit Court and named RCL as an involuntary plaintiff.

In order to establish that a party was fraudulently joined, the defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, plaintiff cannot establish a cause of action against the defendant. *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992). Courts have emphasized that fraudulent joinder involves situations where the claim against the

4

defendant has no chance of success. *Id*. Even where a court determines claims to be weak, the heavy burden of fraudulent joinder requires a party be deemed not fraudulently joined if there exists any possibility of success. *Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc.*, 10 F. Supp. 2d 1042, 1045 (E.D. Wis. 1998). In other words, only if Plaintiffs here cannot maintain an action against Defendant as a matter of law, would the Notice of Removal be proper. *Estates of Briney ex rel. Clay v. Mr. Heater Corp.*, 602 F. Supp. 2d 997 (W.D. Wis. 2009).

Resolving all issues of fact and law in favor of Centerline, it is evident that Centerline has brought a valid cause of action on behalf of RCL and correctly joined RCL. First, Plaintiffs' Complaint alleges that RNA changed the locks to a property it was leasing to RCL without any notice to RCL or court order allowing such action. Ex. 2, ¶ 20. Plaintiffs' Complaint further alleges that pursuant to Wis. Stat. § 704.17, a landlord is required to provide a tenant with notice and an opportunity to cure prior to eviction. Ex. 2, ¶ 22. Additionally, the Complaint states that the Lease between the parties requires that prior to commencing an eviction action, notice of the reason for eviction and an opportunity to cure must be provided. Ex. 2, ¶ 25. Specifically, section 12.2 of the lease states, *inter alia*: "if an Event of Default occurs, then whether or not Landlord terminates this Lease, Landlord may elect to re-enter or take possession ***pursuant to legal proceedings or pursuant to any notice provided for by law***. Ex. 1 (emphasis added). The Complaint alleges that such notice was not provided. Ex. 2, ¶¶ 26-27. Therefore, pursuant to the Lease and Wis. Stat. § 704.17, Plaintiffs have a viable cause of action.

**2. Plaintiffs' Complaint Complies With Delaware Derivative Requirements.**

RNA argues that Centerline did not properly make a claim on behalf of RCL because it did not comply with Delaware law regarding derivative lawsuits. Ex. 4, ¶ 18. Specifically, RNA alleges that only the Board of Managers of RCL has the authority to choose legal counsel and when

to file suit. Ex. 4, ¶ 16. As RNA correctly points out, Centerline only has two out of five votes under the RCL Operating Agreement. Ex. 4, ¶ 18. Rieder controls the other three (and majority) votes of RCL. As RNA also points out, RNA only has one member: Rieder. Ex. 4, ¶ 12. Finally, RNA argues that Centerline has not made a demand on the board of RCL to initiate litigation or plead facts showing that such a demand would be futile. RNA ignores the following well-pled allegations in the Complaint:

> Centerline is unable to make a written demand to RCL Services to take suitable action because Rieder Noram, Inc. has refused to schedule and participate in a shareholder meeting, therefore, making the demand requirement futile as Rieder Noram, Inc. owns and controls RNA.
>
> Ex. 2, ¶ 17.

To plead a derivative suit in Delaware one must: (1) make a demand on the company's board of directors; or (2) show that demand would be futile. *United Food & Commercial Workers Union & Participating Food Indus. Employers Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1047 (Del. 2021). Demanding that Rieder effectively sue itself must be the definition of futility. The allegations of futility having been made by Plaintiffs in the Complaint and being unrebutted by RNA, and in fact, bolstered in its Notice of Removal, must be taken as true for the purposes of the question of diversity.

Next, RNA argues that RCL has no cause of action because it is not locked out of the subject property. Ex. 4, ¶ 21. In support of this argument, Defendant proffers an email from counsel which it mischaracterizes and takes out of context. Counsel for Centerline actually states, *inter alia*, as follows:

> While RCL may not be officially locked out, your client has locked out 50% of the ownership of RCL, fired RCL's employees and [is] manufacturing product with people that were not RCL employees. None of which has been done by any official Board action – as usual. Your client may have the votes to take action but

> only when a Board meeting is called. These are significant actions that need Board discussion and approval. Hence, they are and [sic] illegal.

See Exhibit 10, attached hereto.

Contrary to RNA's allegations, "An attorney's out-of-court statements about a case are not admissions attributable to his client, nor are they evidence in their own right admissible in a summary judgment motion or at trial." *E.E.O.C. v. TruGreen Ltd. P'ship*, 185 F.R.D. 552, 556 (W.D. Wis. 1998).

Importantly, the Affidavit of Frank Wagenbauer proffered by RNA admits that "Rieder Noram then took steps to secure the premises…", thus admitting it changed the locks on the Premises in violation of the Lease. *See* ¶ 8 of Affidavit attached hereto as Exhibit 11. The Affidavit of Kyle Czekalski, states that no Centerline personnel ever changed the locks on the Premises, nor did they remove RCL equipment from the Premises. Ex. 6, ¶¶ 9, 15.

Plaintiff properly alleged futility of a demand on the RCL Board to file suit against RNA and therefore have met the Delaware derivative pleading requirements. Accordingly, RCL has a valid cause of action and is a proper party in this litigation, thus destroying the diversity of citizenship necessary to satisfy the requirements of 28 U.S.C. § 1332.

**B.** **THE AMOUNT IN CONTROVERSY REQUIREMENT IS NOT SATISFIED.**

The second requirement of 28 U.S.C. § 1332 is that there is an amount in controversy exceeding $75,000. In removed cases that involve a jurisdictional amount the defendant has the burden of proving that the required amount in controversy is present. *Miller-Bradford & Risberg, Inc. v. FMC Corp.*, 414 F. Supp. 1147, 1149 (E.D. Wis. 1976). This general rule does not abate in situations where the state court plaintiff seeks only injunctive relief. *Id*. Where the complaint asks for less than $75,000 in damages or does not allege the value of the relief sought, the defendant must offer "competent proof," establishing "to a reasonable probability" that the amount in

controversy exceeds $75,000. *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 772 (E.D. Wis. 2003). In other words, the defendant must prove that the court has jurisdiction "by a preponderance of evidence." *Id*.

The Complaints' prayer for relief asks for access to the subject property and access to RCL's equipment. There is no request for damages or any monetary compensation in the prayer for relief. Nevertheless, RNA's Notice of Removal alleges that the amount in controversy is met. Ex. 4, ¶ 31. RNA states that the focus of the Plaintiffs' Complaint is to access trade fixtures and equipment and thus, the jurisdictional amount is met. Ex. 4, ¶ 29. However, RNA does not attach a dollar amount, or even an estimate as to the cost of the equipment at issue.

RNA has presented no evidence of **competent proof** that would establish that the amount in controversy exceeds $75,000, it only makes vague and conclusory allegations that the amount has been satisfied. RNA further alleges that the cost to its business of a temporary injunction exceeds the amount in controversy requirement. Ex. 4, ¶ 30. However, RNA must provide proof of the value of access to the equipment exceeds the amount in controversy and specifically how access to the equipment will cause RNA injuries. RNA cannot do so because pursuant to the Lease, the equipment does not belong to RNA and thus access to the equipment is of no value to it. Moreover, because the equipment is rightfully that of RCL, RNA cannot show that RCL accessing its own equipment will cause RNA business damages exceeding $75,000.

Defendant has failed to establish that there is an amount in controversy exceeding $75,000 as required by 28 U.S.C. § 1332.

**CONCLUSION**

For the foregoing reasons, this Court lacks jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this matter should be remanded to the Circuit Court in Rusk County of the state of Wisconsin.

DATED the 31st day of July 2024.

                                           /s/ Phillip A. Luetkehans
                                        One of the Attorneys for Plaintiff, CENTERLINE ARCHITECTURAL SUPPLY LLC

Phillip A. Luetkehans, Esq.
[IL ARDC #06198315]
pal@lbgalaw.com
Bruce E. Garner, Esq.
[IL ARDC #06206949]
beg@lbgalaw.com
Brian J. Armstrong, Esq.
[IL ARDC #06236639]
bja@lbgalaw.com
LUETKEHANS, BRADY, GARNER
& ARMSTRONG, LLC
2700 International Dr., #305
West Chicago, IL  60185
Telephone: (630) 773-8500

Matthew S. Mayer
State Bar No. 1001237
Evan M. Mayer
State Bar No. 1122526
mmayer@weldriley.com
WELD RILEY, S.C.
500 Third St., Ste. 800
P. O. Box 479
Wausau, WI  54402-0479
Telephone: (715) 845-8234
Facsimile:  (715) 845-1085

# CERTIFICATE OF FILING & SERVICE

      I, PHILLIP A. LUETKEHANS, an attorney, certify that on July 31, 2024, I caused the foregoing Memorandum of Law in Support of Motion to Remand to be electronically filed with the Clerk of the United States District Court, Western District of Wisconsin, in Madison, Wisconsin, via the CM/ECF NextGen filing system which will send notification of such filing and cause a true and correct copy of same to be served upon all attorney(s) of record and interested parties.

      /s/ Phillip A. Luetkehans
      PHILLIP A. LUETKEHANS