# EXHIBIT 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**CENTERLINE ARCHITECTURAL
SUPPLY LLC,**

       Plaintiff,

**RCL SERVICES, LLC,**
       Involuntary Plaintiff.

                                          Case No. 24-CV-480

v.

**RNA REAL ESTATE, LLC,**

       Defendants.
_____

## AFFIDAVIT OF KYLE CZEKALSKI
_____

I, Affiant, Kyle Czekalski, having been first duly sworn upon oath, do state and depose that I have personal knowledge of all facts which follow and, if called upon, I could competently testify as to the following:

1. My domicile is in the state of Illinois.

2. I am a manager of Centerline Architectural Supply LLC ("Centerline").

3. Centerline is a 50% member of RCL Services, LLC ("RCL").

4. Rieder Noram, Inc. ("Rieder") owns the remaining 50%.

5. Pursuant to Article 3.1 of its Operating Agreement, RCL has a Board of Managers consisting of two representatives from Centerline and three representatives from Rieder. Each representative is known as a Manager. *See* Operating Agreement attached hereto as Exhibit A.

6. I, along with J.R. Hughes represent Centerline's two Managers on the Board of Managers.

7. Pursuant to Article 3.5 of RCL's Operating Agreement, an officer may call a board meeting upon written or telephone notice of two days.

8. Pursuant to Article 3.5 of RCL's Operating Agreement, a board meeting requires a quorum of at least one representative of Rieder and Centerline.

9. RCL has not held a board meeting since April 8, 2024.

10. Throughout RCL's time using the Premises, neither I nor any representative of Centerline have ever changed the locks to the facility located at 1100 Barnett Road, Ladysmith, Wisconsin (the "Premises").

11. However, on or about June 5th, representatives of Rieder, acting on behalf of Defendant RNA Real Estate, LLC, changed the locks to the Premises without notifying Centerline Managers, and without bringing the matter up at an RCL board meeting.

12. Centerline personnel have never obstructed RCL's ability to take inventory of equipment at the Premises, or otherwise obstructed any RCL employee from working at the Premises.

13. Pursuant to the Article 8.1 of RCL's Operating Agreement, RCL can be dissolved upon a unanimous decision by the Board of Managers.

14. The Board of Managers has never voted to dissolve RCL.

15. Centerline Managers were never served with notice of a board meeting.

16. Accordingly, the May 20th meeting between Wolfgang Rieder and Centerline representatives was not an RCL board meeting.

17. Centerline personnel never moved any RCL equipment, hardware, or supplies from the Premises.

18. Centerline personnel did move a Centerline forklift from the Premises to its Weyerhaeuser facility.

19. No Centerline personnel ever threatened Rieder personnel with physical harm.

Further, Affiant sayeth naught.

*Kyle Czekalski*
Kyle Czekalski

SUBSCRIBED and SWORN to before me this 30th day of July, 2024.

*Debra A. Anderson*
Notary Public

OFFICIAL SEAL
DEBRA A ANDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 05/09/2026

3