IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CENTERLINE ARCHITECTURAL SUPPLY, LLC,

                Plaintiff,

and

RCL SERVICES, LLC

                Involuntary Plaintiff,

    v.

RNA REAL ESTATE, LLC,

                Defendant.

ORDER

24-cv-480-jdp

---

      This case arises from a dispute between plaintiff Centerline Architectural Supply, LLC and Rieder Noram, Inc., which is not directly a party to the case. The case originated in state court, and RNA Real Estate, LLC (a subsidiary of Rieder Noram) removed it, alleging diversity of citizenship. The question before the court is whether the case must be remanded to state court, and that question turns ultimately on whether RCL Services belongs in the case, because its presence destroys diversity.

      The court concludes that it lacks subject-matter jurisdiction. RCL Services is the real party in interest in this derivative lawsuit, so it is an indispensable party under Federal Rule of Civil Procedure 19(b). RCL Services is a citizen of the same state as both Centerline and RNA Real Estate, so the parties are not completely diverse. The court will remand this case to state court. The several other pending motions will be denied as moot.

BACKGROUND

The court draws the following facts from the complaint and from affidavits and other supporting materials submitted by the parties. These facts are undisputed.

Centerline and Rieder Noram are former business partners and joint owners of RCL Services, a Delaware limited liability company formed to facilitate Centerline and Rieder Noram's joint business venture making and distributing concrete panels. To operate the business, RCL Services leased a warehouse in Ladysmith, Wisconsin from RNA Real Estate, a wholly owned subsidiary of Rieder Noram.

After several years in business together, Centerline and Rieder Noram's business relationship soured. Rieder Noram directed RNA Real Estate to change the locks to the warehouse to prevent Centerline from removing equipment from the premises. Centerline believed that changing the locks violated RCL Services' lease.

Centerline could not sue on its own behalf to enforce the lease because it was not a party to the lease. Nor did Centerline believe that Rieder Noram would agree to sue its own subsidiary. So Centerline filed a lawsuit derivatively on behalf of RCL Services in the Circuit Court of Rusk County, seeking to enforce RCL Services' rights under the lease.  RNA Real Estate removed to this court, citing diversity of citizenship as the basis for federal jurisdiction.

Because diversity jurisdiction is at issue, the parties' citizenship is relevant to this case. Centerline is a Wisconsin limited liability company owned by Kyle Czekalski, a Wisconsin citizen, and JR Hughes, an Illinois citizen, so it is a citizen of Wisconsin and Illinois. Rieder Noram is a Delaware corporation with its principal place of business in Austria, so it is a citizen of Delaware and Austria. RNA Real Estate is wholly owned by Rieder Noram, so it is a citizen

of Delaware and Austria. And RCL Services is jointly owned by Centerline and Rieder Noram, so it is a citizen of Wisconsin, Illinois, Delaware, and Austria.

ANALYSIS

RNA Real Estate asserts that this court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount-in-controversy exceeds $75,000. Centerline challenges both requirements for diversity jurisdiction. The court concludes that the diversity of citizenship requirement is not met, so it need not address the amount-in-controversy.

Federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship. That is, jurisdiction under § 1332 exists only where "no party shares common citizenship with any party on the other side of the dispute." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). The parties agree that Centerline and RNA Real Estate are diverse from each other. But RCL Services is a citizen of the same states as both Centerline and RNA Real Estate, so its presence in the case destroys diversity.

RNA Real Estate contends that RCL Services must be dismissed, for two reasons. First, RNA Real Estate contends that Centerline improperly joined RCL Services as an involuntary plaintiff. RNA Real Estate is correct that the Federal Rules of Civil Procedure do not permit a plaintiff "unilaterally to force another party to join his lawsuit as an involuntary plaintiff." *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643 (7th Cir. 2018). But that doesn't mean RCL Services must be dismissed. Centerline brings this suit derivatively on RCL Services' behalf, seeking to enforce the lease between RCL Services and RNA Real Estate. The company on whose behalf a derivative suit is brought is the real party in interest and is therefore a necessary

party under Federal Rule of Civil Procedure 19(b). *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). In federal court, the company in a derivative suit is aligned as a defendant if corporate management opposes the suit. *See, e.g.*, *Beck v. Dobrowski*, 559 F.3d 680, 687 (7th Cir. 2009) (citing *Smith v. Sperling*, 354 U.S. 91, 96–97 (1957)). So RCL Services should be a defendant, not an involuntary plaintiff. But courts can realign parties in accordance with their true interest in the litigation, so RCL Services' improper alignment as an involuntary plaintiff is not a reason to dismiss it. *See Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).

Second, RNA Real Estate contends that RCL Services was fraudulently joined because Centerline cannot bring a derivative suit on RCL Services' behalf. A removing party bears a "heavy burden" when it asserts fraudulent joinder on the basis that the nondiverse party cannot succeed on its claim. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The removing party must show that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action." *Id.* (emphasis in original). The court must consider the allegations in the complaint and determine whether there is a "reasonable possibility" that a state court would conclude that the complaint states a claim. *Gibson v. Sunbelt Rentals, Inc.*, No. 21-cv-808-jdp, 2022 WL 2713408, at *2 (W.D. Wis. July 13, 2022) (citing *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)). The court may also consider any evidence that the plaintiff submits to supplement the allegations in the complaint. *Id*.

In this case, RNA Real Estate challenges Centerline's right to bring a derivative suit to enforce RCL Services' leasehold interest in the Ladysmith warehouse. So the question is whether there is a reasonable possibility that a Wisconsin state court would allow Centerline to proceed with a derivative suit on RCL Services' behalf.

The parties agree that under Wisconsin's choice of law rules, Delaware law governs Centerline's ability to bring a derivative suit. *See* Wis. Stat. § 183.0901 (internal affairs of a foreign LLC are governed by the law of the state where the LLC was formed). RNA Real Estate contends that Centerline cannot bring a derivative suit because: (1) Centerline hasn't shown that it would be futile to make a litigation demand on RCL Services' board; and (2) Centerline doesn't adequately represent RCL Services.

RNA Real Estate's first contention relies on what is commonly called the "demand futility" requirement to bring a derivative suit. Before suing on behalf of a company, a member must either make a demand on the board of directors to sue or show that such a demand would be futile. *United Food & Com. Workers Union & Participating Food Indus. Emps. Tri-State Pension Fund v. Zuckerberg*, 262 A.3d 1034, 1047–48 (Del. 2021). A demand is futile if a majority of board members have a disqualifying financial conflict or face substantial risk of personal liability for the claims that are the subject of the litigation. *Id.* The key question is whether there is "reason to doubt that the directors would be able to bring their impartial business judgment to bear on a litigation demand." *Id.*

The undisputed facts about RCL Services' corporate structure are sufficient to create at least a reasonable possibility that a litigation demand would be futile. Three of the five board members of RCL Services are representatives of Rieder Noram, which owns RNA Real Estate. It is reasonable to infer that representatives of Rieder Noram would not be impartial with regard to a litigation demand against RNA Real Estate. RNA Real Estate argues that Centerline hasn't adequately pleaded futility because Centerline doesn't mention the board members in its complaint. *See* Dkt. 1-1, ¶ 17. But RNA Real Estate doesn't dispute the composition of the

5

board, and the court isn't limited to the allegations in the complaint in determining fraudulent joinder. *Gibson*, 2022 WL 2713408, at *2.

RNA Real Estate's second contention is that Centerline is not an adequate representative to bring a derivative suit. The plaintiff in a derivative suit represents the company, so the adequacy requirement ensures that the plaintiff doesn't have a disqualifying conflict of interest that would make it a poor representative. *See Emerald Partners v. Berlin*, 564 A.2d 670, 674 (Del. Ch. 1989); *see also In re Fuqua Indus., Inc. S'holder Litig.*, 752 A.2d 126, 129–30 (Del. Ch. 1999). Courts generally test for adequacy by asking "how well [the plaintiff] advances the interests of other similarly situated shareholders." *Emerald Partners*, 564 A.2d at 674. The defendant bears the burden of showing that the plaintiff is not an adequate representative. *Id.*

RNA Real Estate contends that Centerline doesn't adequately represent similarly situated members because it doesn't represent Rieder Noram's interests. But Rieder Noram is adverse to Centerline with regard to the alleged lease violation, so it is not a similarly situated member. The similarly situated test is a poor fit for companies with only a few members, because the plaintiff may be the only injured party. But a single injured member can sometimes bring a derivative suit. *See, e.g.*, *Angel Inv'rs, LLC v. Garrity*, 216 P.3d 944 (Utah 2009) (allowing a single dissenting shareholder in a closely held corporation to proceed as a class of one); *Halsted Video, Inc. v. Guttillo*, 115 F.R.D. 177 (N.D. Ill. 1987) (same). In such cases, courts should evaluate adequacy by focusing on the key question: whether the plaintiff has a conflict of interest that would prevent it from pursuing the company's best interests. *Id.*; *see also Emerald Partners*, 564 A.2d at 674. RNA Real Estate does not identify any conflict of interest in its

briefs, so the court will not dismiss RCL Services on the basis that Centerline is an inadequate representative.

The court concludes that there is at least a reasonable possibility that a Wisconsin state court would allow Centerline to proceed with a derivative suit on RCL Services' behalf, so it will not dismiss RCL Services as fraudulently joined. RCL Services' presence in the case destroys diversity, so the court will grant Centerline's motion to remand.

ORDER

IT IS ORDERED that:

1. Plaintiff Centerline Architectural Supply, LLC's motion to remand to state court, Dkt. 17, is GRANTED.

2. Defendant RNA Real Estate, LLC's motion to vacate, Dkt. 11, and motion to dismiss, Dkt. 30, are DENIED as moot.

3. The clerk of court is directed to REMAND this case to the Circuit Court of Rusk County.

Entered February 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge